John J. BLAKE, Petitioner-Appellant,

v.

UNITED STATES of America et al.,
Respondents-Appellees.

No. 73–3345

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 1974.

John J. Blake, pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., D. Frank Winkles, Asst. U. S. Atty., Tampa, Fla., for respondents-appellees.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The denial of the appellant's motion to vacate the sentence is affirmed, and we adopt the thorough opinion of the district court which accompanied that denial. It is apparent from a careful reading of the record and the transcript of the appellant's probation revocation hearing that probation was revoked only after a full, fair, and impartial hearing at which Blake was represented by counsel. Without deciding whether the decision of the Supreme Court in Gagnon v. Scarpelli, 1973, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, should be applied retroactively, we are convinced by our examination of the record and the transcript that the requirements of that decision were fully met by the hearing held by the district court here.

Millard Dean CARR, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 73–2890

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 1, 1974.

Millard Dean Carr, pro se.

John L. Hill, Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Carr was found guilty in a Texas state jury trial of assault with intent to rape. The Texas Court of Criminal Appeals affirmed, 475 S.W.2d 755 (1972), appeal dismissed and cert. denied, 409 U.S. 1099, 93 S.Ct. 919, 34 L.Ed.2d 682. Carr appeals the district court's denial of his application for habeas corpus. The issues before us have been considered by the state court on direct appeal and in collateral proceedings. The district court had before it the trial transcript and the opinion of the Court of Criminal Appeals, and adopted that opinion in lieu of holding an evidentiary hearing. We have carefully reviewed the entire record and are satisfied that the issues raised are without merit.

Affirmed.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir 1970, 431 F.2d 409, Part I.